UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

KRISTIE TEO,

    Plaintiff,

v.

CHG MEDICAL STAFFING, INC.,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, KRISTIE TEO ("Ms. Teo" or "Plaintiff") files this Complaint against Defendant, CHG MEDICAL STAFFING, INC., ("CHG" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also

has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA and FMLA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Broward County, Florida, and this venue is therefore proper.

5. Defendant is located and doing business in Broward County, Florida, and is therefore within the jurisdiction of the Court.

6. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months

and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **CONDITIONS PRECEDENT**

10. On or around April 6, 2022, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On August 19, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

15. Ms. Teo worked for CHG as a Sales Consultant from February 18, 2019, until her termination on January 3, 2022.

16. During her years with CHG, Ms. Teo was an excellent and reliable employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

17. Indeed, Ms. Teo was one of the top performers on her team prior to taking medical leave in the Summer of 2021, and was tracking towards President's Club for 2021.

18. In the Spring and early Summer of 2021, Ms. Teo unfortunately experienced dysmenorrhea, cramping, pain, and other symptoms of disabilities and serious health conditions, specifically an ovarian cyst, which was suspected to be cancerous, and uterine dysfunction.

19. As a result, Ms. Teo's physical impairment substantially limited one or more major life activity, including but not limited to, performing manual tasks and regular cell growth.

20. Ms. Teo's maladies are considered "protected disabilit[ies]" under the ADA/FCRA as well as "serious health condition[s]" under the FMLA.

21. Ms. Teo disclosed her disabilities and serious health conditions to her CHG Supervisor, Chris Alber, and applied for a period of continuous FMLA leave in order to undergo two (2) separate surgeries to treat and address her disabilities and serious health conditions.

22. Ms. Teo underwent surgery on June 1, 2021, in order to have the ovarian cyst removed.

23. On July 6, 2021, Ms. Teo underwent surgery again, receiving a hysterectomy.

24. Ms. Teo returned to work at CHG from FMLA leave as of September 9, 2021.

25. On October 7, 2021, less than a month from her return from FMLA leave, CHG informed Ms. Teo that it was putting her on a so-called "coaching plan" despite Ms. Teo's sales numbers outstripping those of Christopher Rodriguez and David Goldberg, other team members who had not had to take leave.

26. In November and December of 2021, CHG again subjected Ms. Teo to "coaching" despite her comparatively prodigious performance for her team.

27. Then, on December 30, 2021, CHG Team Leader Chris Alber called Ms. Teo and informed her that CHG had decided to terminate her employment, effective January 3, 2022.

28. The timing of Plaintiff using FMLA leave, request for reasonable accommodation, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

29. Defendant interfered with, and ultimately retaliated against, Ms. Teo because she suffered a serious health condition and because she availed herself to a period of FMLA leave in order to treat and address same.

30. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

31. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

32. Defendant's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Teo suffering and disclosing her serious health condition, and using FMLA leave to treat same.

33. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

34. In reality, Defendant's termination of Ms. Teo stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA and FCRA, and her engaging in protected activity under the FMLA.

35. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, and FMLA, were intended to prevent.

36. The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA and FCRA, her engaging in protected activity under the FMLA, and her termination sufficiently clear.

37. Any reason provided by Defendant for its actions is a pretext for discrimination.

38. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

39. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and Plaintiff's need for reasonable accommodation.

40. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

41. Ms. Teo is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Sales Consultant.

42. By reason of the foregoing, Defendant' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

43. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

44. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation.

45. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Teo based solely upon her disability.

46. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

47. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

48. Defendant did not have a good faith basis for its actions.

49. As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

50. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 28, and 33 through 50, above.

52. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

53. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

54. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55. Plaintiff has suffered damages as a result of Defendant' illegal conduct toward her.

56. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 28, and 33 through 50, above.

59. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

60. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

61. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

63. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

64. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 28, and 33 through 50, above.

66. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

67. Plaintiff's request for reasonable accommodation, constituted protected activity under the ADA.

68. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

69. Plaintiff's protected activity, and her termination, are causally related.

70. Defendant's stated reasons for Plaintiff's termination are a pretext.

71. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

74. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 28, and 33 through 50, above.

76. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

77. Plaintiff's request for reasonable accommodation, constituted protected activity under the FCRA.

78. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

79. Plaintiff's protected activity, and her termination, are causally related.

80. Defendant's stated reasons for Plaintiff's termination are a pretext.

81. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future

pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

83. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

84. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V
## INTERFERENCE UNDER THE FMLA

85. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 37, and 48 through 50, above.

86. At all times relevant hereto, Plaintiff was protected by the FMLA.

87. At all times relevant hereto, Defendant interfered with Plaintiff by discriminating and/or retaliating against her following her use of FMLA leave.

88. Defendant used Plaintiff's use of FMLA leave as a negative factor of her employment.

89. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

90. As a result of Defendant' willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

91. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## RETALIATION UNDER THE FMLA

92. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 37, and 48 through 50, above.

93. At all times relevant hereto, Plaintiff was protected by the FMLA.

94. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA-protected leave.

95. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

96. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

97. As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

98. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 14th day of November, 2022.

Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com